[No. B046052. Second Dist, Div. Two. June 6, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JULIO ALBERTO VERGARA et al., Defendants and Respondents.

COUNSEL

Ira Reiner, District Attorney, George M. Palmer and George G. Size, Deputy District Attorneys, for Plaintiff and Appellant.

John Yzurdiaga for Defendants and Respondents.

OPINION

NOTT, J.—The People appeal the pleas and sentences of defendants Julio Alberto Vergara, Jaime Pena, Rodrigo Torres, and Martin Sanchez. The appeal is based on the contentions that the trial court entered into an impermissible plea bargain and also improperly stayed imposition of the Health and Safety Code section 11370.4, subdivision (a)(4) enhancements. The convictions are affirmed. The order staying the enhancements is reversed with directions.

FACTS

After surveillance of the defendants, the Los Angeles Police Department recovered 25 kilograms of cocaine. Based on that recovery, a search warrant was obtained for nine locations. The officers seized over 91 kilograms of cocaine, almost 3 kilograms of heroin, 4 grenade launchers, 4 grenades, 2 automatic rifles, 2 silencers, approximately 500 rounds of ammunition, and $12,000 in cash.

Each defendant was charged as follows:

Count 1 Health and Safety Code section 11352 (sale of cocaine);

Count 2 Health and Safety Code section 11351 (possession of cocaine for sale);

Count 3 Health and Safety Code section 11351 (possession of heroin for sale);

Count 4 Penal Code section 12303 (possession of a destructive device—40mm mortar);

Count 5 Penal Code section 12303 (possession of a launching device for a mortar);

Count 6 Penal Code section 12303.2 (possession of a destructive device near a public place or residence);

Count 7 Penal Code section 12220 (possession of a machine gun);

Count 8 Penal Code section 12520 (possession of a silencer).

The information included enhancement allegations under Health and Safety Code section 11370.4, which would have added 15 years to each

defendant's sentence under counts 1 and 2, and an additional 3 years as to count 3.

Negotiations for resolution of the matter between the People and the defense were not successful. All counsel and the trial court were in possession of "pre-plea" probation reports as to every defendant. Evidently, there were some off-the-record discussions held in which the trial court gave indicated sentences of nine years eight months, while the People objected to any sentence less than twenty-three years.

Each defendant pled guilty to all counts, enhancements and special allegations. They waived their respective rights to a formal probation and sentencing report, and agreed that sentence could be immediately imposed.

Vergara, Pena, Torres and Sanchez were sentenced to nine years eight months. Consistent with their announced position, the People argued for a minimum of 23 years. A fifth defendant, Friolan Mendoza Ceballos, received three years. The People do not object to his sentence nor is he a party to this appeal. Over the People's objection, the enhancements under Health and Safety Code section 11370.4, subdivision (a)(4) were stayed as to all defendants, with the stays to become permanent on completion of the underlying term of imprisonment. The trial court did not express any reason for the order staying the enhancements.

DISCUSSION

1. *Validity of the Pleas*

The People claim the acceptance of the pleas and resultant sentences violated the dictates of *People* v. *Orin* (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193], which states that the trial court cannot substitute itself as the representative of the People in place of the district attorney. We disagree.

This case does not come within the serious felony category set forth in Penal Code section 1192.7, and, therefore, plea bargaining is not proscribed.

The trial court became involved in settlement discussions and did indicate likely sentences, presumably after a review of the pre-plea reports. Each defendant pled guilty to all charges.

It is clear that there is no requirement that the People need to consent when a defendant pleads guilty to all charges of the information. "The defendant may plead guilty to all charges and when he does so all that

remains is the pronouncement of judgment and sentencing." (*People* v. *Superior Court* (*Smith*) (1978) 82 Cal.App.3d 909, 915 [147 Cal.Rptr. 554].) The trial court's acceptance of a guilty plea is not subject to appeal. (Pen. Code, § 1238.) Further, the trial court is allowed to give advance indication of a sentence based upon a set of facts. (*People* v. *Superior Court* (*Smith*), *supra*, at p. 916.) Sentencing is the exclusive province of the judiciary, to be accomplished within the limits set by the Legislature. (*Ibid.*) Accordingly, the trial court acted within its power in accepting the pleas and imposing the base sentences.

### 2. *Staying of the Enhancements*

■ The People next contend that the trial court was without jurisdiction to stay imposition of the enhancements. While we disagree with that contention, we agree with the concept that if the trial court stays the enhancements, it is required to state its reasons on the record.

■ The prosecution may appeal imposition of an unlawful sentence. (Pen. Code, § 1238, subd. (a)(10).) Specifically, an order that has the effect of permanently staying an enhancement is appealable. (*People* v. *Eberhardt* (1986) 186 Cal.App.3d 1112, 1123 [231 Cal.Rptr. 387].)

■ Health and Safety Code section 11370.4, subdivision (e) states: "Notwithstanding any other provision of law, the court may *strike* the additional punishment for the enhancements provided in this section if it determines that there are circumstances in mitigation of the additional punishment *and states on the record its reasons* for striking the additional punishment." (Italics added.)

Since the trial court had the power to strike the enhancement, it logically follows that it has the power to stay execution, which is a lesser act. (*People* v. *Lopez* (1983) 147 Cal.App.3d 162, 165 [195 Cal.Rptr. 27].)

■ In theory, the terms "stay" and "strike" are not legally synonymous. (*People* v. *Calhoun* (1983) 141 Cal.App.3d 117, 124 [190 Cal.Rptr. 115].) "A stay is a temporary suspension of a procedure in a case until the happening of a defined contingency. [¶] In contrast, a striking is an unconditional deletion of the legal efficacy of the stricken allegation or fact for purposes of a specific proceeding. It is tantamount to a dismissal." (*People* v. *Santana* (1986) 182 Cal.App.3d 185, 190-191 [227 Cal.Rptr. 51], fns. omitted.) Therefore in concept, a "stay" is to be temporary and a "striking" is to be permanent.

While there may be a theoretical difference in the two terms, that distinction may vanish in actual application.

There is nothing temporary about the "stays" that are before us. No consecutive term ever begins to run until its precedent term has been completed. Consequently, "staying" a consecutive enhancement upon the sole condition that the sentence it is to follow has been served, is pragmatically identical to "striking" it, and should be accorded similar treatment.

The trial court must impose a sentence in a lawful manner. (*People* v. *Floyd P.* (1988) 198 Cal.App.3d 608, 612 [244 Cal.Rptr. 269].) We believe the trial court has failed to do so in this instance. The Legislature has required that if an enhancement under Health and Safety Code section 11370.4 is not to be imposed, the trial court must publicly state its reasons. That dictate cannot be avoided by the simple expedient of "staying" the enhancement rather than "striking" it. (*People* v. *Cattaneo* (1990) 217 Cal.App.3d 1577, 1589 [266 Cal.Rptr. 710].)

## DISPOSITION

The case is reversed as to the staying of Health and Safety Code section 11370.4, subdivision (a)(4). The matter is remanded to the trial court with directions either to impose the enhancements or state on the record its reasons for "permanently staying" (i.e., "striking") them. In all other respects, the convictions are affirmed.

Gates, Acting P. J., and Fukuto, J., concurred.