[Nos. B058610, B058606. Second Dist., Div. Six. Nov. 5, 1991.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
JOEL RAMOS et al., Real Parties in Interest.

**COUNSEL**

Michael D. Bradbury, District Attorney, and Michael D. Schwartz, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Kenneth I. Clayman, Public Defender, Neil B. Quinn, Deputy Public Defender, and Andrew M. Wolf for Real Parties in Interest.

**OPINION**

YEGAN, J.—In these consolidated cases, we decide the issue of whether a trial court may lawfully give a statutorily classified "career criminal" an "indicated sentence." We hold that the statutory scheme governing the prosecution of "career criminals," Penal Code section 999b et seq., does not prohibit a trial court from indicating the sentence it will impose if a given set of facts is confirmed and the accused enters a guilty plea to all pending charges and admits all special allegations.[1] As we shall explain, in both of

---

[1] All further statutory references are to the Penal Code.

Section 999e subdivision (a) provides: "(a) An individual shall be the subject of career criminal prosecution efforts who is under arrest for the commission or attempted commission of one or more of the following felonies: robbery, burglary, arson, any unlawful act relating to controlled substances in violation of Section 11351, 11351.5, or 11352 of the Health and Safety Code, receiving stolen property, grand theft and grand theft auto, and lewd or lascivious conduct upon a child; and who is either being prosecuted for three or more separate offenses not arising out of the same transaction involving one or more of such felonies, or has

these cases, each superior court judge thoroughly familiarized himself with the nature of the offense and the offender and indicated what an appropriate disposition would be, with or without a trial. At the outset we emphasize that Proposition 8's limitation on "plea bargaining" (§ 1192.7) has no application here.

## Ramos

Joel Ramos was charged with automobile burglary (§ 459) and petty theft with a prior (§ 666) with the allegation that he was not eligible for probation. (§ 1203, subd. (e)(1).) At a pretrial conference before the Honorable Steven Z. Perren, the court said: "Okay. This is a case in which, I understand it correctly, the defendant is accused of an auto burglary and a petty theft with a prior relative [*sic*, related] incident that occurred within two houses of one another. . . ."

Defense counsel and the prosecutor informed the court of Ramos's past criminal history. Both counsel advised the court of the circumstances surrounding the offenses including the fact that Ramos was shot by the victim during the course of the burglary. The court also read the preliminary hearing transcript.

Based upon these facts and circumstances, respondent court indicated that, if Ramos were to plead guilty, the court would commit to "two years in prison," referring to both counts ". . . finding one period of behavior. . . ." (See Cal. Rules of Court, rule 425 (a)(3) [". . . a single period of aberrant behavior."].) The court made no other commitments. Ramos did plead guilty to all charges and admitted the special allegation.

The district attorney objected because Ramos was a "career criminal" and the trial court could not participate in a plea bargain with a "career criminal." (§ 999f, subd. (b).)

In overruling the district attorney's objection, the trial court indicated that the "career criminal" statutes say: ". . . the district attorney may not enter into a negotiated settlement and that the Court may not thereafter approve it.

suffered at least one conviction during the preceding 10 years for any felony listed in paragraph (1) of this subdivision, or at least two convictions during the preceding 10 years for any felony listed in paragraph (2) of this subdivision."

Section 999f subdivision (b) provides: "The prosecution shall not negotiate a plea agreement with a defendant in a career criminal prosecution; and Sections 1192.1 to 1192.5, inclusive, shall not apply, nor shall any plea of guilty or nolo contendere authorized by any such section, or any plea of guilty or nolo contendere as a result of any plea agreement be approved by the court in a career criminal prosecution."

It doesn't in any way limit the Court's power on its own to make a settlement of the case. Moreover, it is under 999(h), I'm not supposed to know it's a career criminal case, and you're not supposed to tell me. Statute seems very clear to me on that. It's something that's designed to constrain the district attorney who is funded for a special program from entering into any settlements. Moreover, under People versus Superior Court (Smith), 82 Cal.App.3d 909 at 915, the role of the [executive branch of] government is in charging, and this Court would not in any way presume, nor will I ever presume, to tell you what counts to pursue. I won't do that. I think that is absolutely the district attorney's prerogative, to charge as you see fit, and you may insist to whatever and however many counts you see fit. That is your responsibility. I have no quarrel with that, and I will never interfere with that. The decision as to the appropriate sentence is mine . . . . If I read 999(f)(b), defining who shall and shall not enter the plea bargaining, it refers to the prosecution shall not. It defines plea bargaining as it properly is defined in your papers. So it does not appear to me to be a statute that purports to bind the Court in anything. That's my view of it."

The trial court's remarks describe the separation of powers principle of our government. (Cal. Const., art. III, § 3.) The reference to *People* v. *Superior Court* (*Smith*) (1978) 82 Cal.App.3d 909 [147 Cal.Rptr. 554], is significant because that case holds that a court may give an "indicated sentence." ▪▪▪ Although the trial court did not expressly use the phrase "indicated sentence," a fair reading of the proceedings below compels the conclusion that this is what the trial court intended and did.[2] Ramos was ultimately sentenced to prison for the presumptive middle term of two years on each count (Cal. Rules of Court, rule 420(a)), to be served concurrently.

*Larson*

Glenn Larson was charged with commercial burglary (§ 459) as well as having suffered three prior prison terms (§ 667.5, subd. (b)). At a pretrial conference before the Honorable Charles R. McGrath, the trial court read the

---

[2]In taking the pleas and admission, the trial court used the words "promise" and "commitment." The choice of words is not determinative. On appellate review, all intendments are in favor of the trial court's clear and sufficient finding on which this judgment may rest, it will be presumed in favor of the judgment and any inconsistencies will be disregarded. (*Brewer* v. *Simpson* (1960) 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289].)

Our conclusion is buttressed by the fact that the prosecutor, albeit unsuccessfully, argued for the upper three years term ". . . because the court has the choice in this case with respect to sentencing if the court doesn't wish to go ahead and blindly follow the commitment that the court made to the defendant prior to receiving the probation report."

To aid in appellate review in the future, the trial court should expressly say that it is giving an "indicated sentence."

preliminary hearing transcript and was advised of the Larson's past criminal history. The trial court then expressly "indicated a sentence," i.e., that the case called for the imposition of a middle term of two years for the burglary and two additional years for the two latest prior prison terms, and that the court would consider striking the earliest ruling. If there is any prior prison term. Larson pled guilty as charged and admitted all of the priors.[3]

The district attorney objected to the "indicated sentence" on the ground that Larson was a "career criminal." The trial court overruled the objection and said: "I agree with the defense [that the Legislature did not intend to prevent the courts from disposing of a case in the manner suggested], that the section if it was an attempt to restrain the court, is at least ambiguous, and I think the better reading and more sensible reading of the statute is that it's . . . [directed] to the district attorney, [fiscal] entitlement of the statute directed to the district attorney, and the Court denies the People's motion."

At the sentencing hearing, the court considered but rejected striking the earliest prior. It sentenced Larson to five years in prison, the presumptive middle term of two years on the burglary (Cal. Rules of Court, rule 420(a)), plus one year for each of the three priors.

### Propriety of the People's Writ

Having no right to appeal from either judgment, the district attorney seeks relief by way of mandate. (*People* v. *Superior Court* (*Duran*) (1978) 84 Cal.App.3d 480, 484-486 [148 Cal.Rptr. 698].) The People claim that both trial courts improperly participated in plea bargaining with career criminals.

"If the prosecution has not been granted by statute a right to appeal, [fn. omitted] review of any alleged error may be sought by a petition for writ of mandate *only* when a trial court has acted in excess of its jurisdiction and the need for such review outweighs the risk of harassment of the accused. [Citations.] Mandate is not available to the prosecution for review of 'ordinary judicial error' [citation] or even 'egregiously erroneous' orders [citations] when the order or ruling 'on its face is a timely exercise of a well-established statutory power of trial courts . . . from which no appeal is provided in section 1238.' [Citation.] Were the rule otherwise, ' "the

---

[3]In taking the plea and admissions the trial court used the phrase, "consideration for a plea today," and the word, "commitment." Even if this language is inconsistent with an "indicated sentence" it is not determinative where, as here, there is a clear and sufficient showing of an "indicated sentence." (See fn. 2.)

People [would have] the very appeal which the Legislature has denied to them. [Citations.]" ' " (*People* v. *Superior Court (Stanley)* (1979) 24 Cal.3d 622, 625-626 [156 Cal.Rptr. 626, 596 P.2d 691].)

If the People were correct, writ petitions would be appropriate to review the propriety of the trial court's actions. Since we hold that a trial court does not act in excess of jurisdiction by giving an "indicated sentence" to a "career criminal," the writ petitions must be denied.

### The Competing Policy Considerations

The instant cases illustrate a conflict among competing policies. First, absent a strict prohibition on the giving of an "indicated sentence," there is a strong public policy in California favoring settlement as the primary means of resolving criminal cases. (See *People* v. *Cardoza* (1984) 161 Cal.App.3d 40, 43 [207 Cal.Rptr. 388]; *People* v. *Reynolds* (1984) 154 Cal.App.3d 796, 806 [201 Cal.Rptr. 826].)

Second, the California Supreme Court has said that a trial court ". . . has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of 'plea bargaining' to 'agree' to a disposition of the case over prosecutorial objection. Such judicial activity would contravene express statutory provisions requiring the prosecutor's consent to the proposed disposition, [fn. omitted] would detract from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and would present a substantial danger of unintentional coercion of defendants who may be intimidated by the judge's participation in the matter. [Citation.]" (*People* v. *Orin* (1975) 13 Cal.3d 937, 943 [120 Cal.Rptr. 65, 533 P.2d 193].)

We are also mindful of the oft forgotten passage from *People* v. *Orin,* *supra,* 13 Cal.3d at page 949: "[S]entencing discretion wisely and properly exercised should not capitulate to rigid prosecutorial policies manifesting an obstructionist position toward all plea bargaining irrespective of the circumstances of the individual case. As the calendars of trial courts become increasingly congested, the automatic refusal of prosecutors to consider plea bargaining as a viable alternative to a lengthy trial may militate against the efficient administration of justice, impose unnecessary costs upon taxpayers, and subject defendants to the harassment and trauma of avoidable trials. [Citation.] *A court may alleviate this burden placed upon our criminal justice system if this can be accomplished by means of a permissible exercise of*

*judicial sentencing discretion in an appropriate case.*" (Italics added.) This passage describes the circumstances here.

Third, at a time when both fiscal and judicial resources are in short supply, needless time-consuming trials are to be discouraged. "A trial is a search for the truth. [Citations.]" (*People* v. *Zack* (1986) 184 Cal.App.3d 409, 415 [229 Cal.Rptr. 317].) This goal is achieved when a defendant is willing to plead guilty as charged and admit each and every special allegation. Wasteful expenditures of time, money and personnel detract from the cases which truly require trial. "Indicated sentences" result in sure convictions for the People precluding the possibility of whole or partial acquittals, foreclose or at least substantially curtail appeals and the delays associated therewith, and allow the trial court to impose swift and fair punishment.

The defendant also benefits from an "indicated sentence." Knowing that the trial court has evaluated the case in terms of appropriate punishment, the defendant may intelligently enter a plea and avert the ordeal of trial. In addition, "the victim and witnesses are treated with care and respect" by avoiding the inconvenience and emotional trauma attendant to a trial. (See Prop. 115, § 1.)

Fourth, society has the right to expect that each branch of government will deal swiftly and justly with persons charged with crimes, especially those individuals who have chosen crime as a career. ■ The Legislature has indicated that punishment should fit both the offense and the offender. The court may, and should, withdraw from an "indicated sentence" if new facts are brought out at the sentencing hearing showing that the "indicated sentence" is not appropriate. (*Bryce* v. *Superior Court* (1988) 205 Cal.App.3d 671, 676, fn. 2 [252 Cal.Rptr. 443]; *People* v. *Johnson* (1974) 10 Cal.3d 868, 873 [112 Cal.Rptr. 556, 519 P.2d 604].) Here, neither court withdrew from the "indicated sentence." The punishment imposed fit both the offense and the offender and was swift and fair.

Fifth, there is a tension built into our tripartite system of government. There has been and will continue to be areas where the executive branch of government is at odds with the judicial branch. These two cases are representative of such a tension.

Ramos and Larson were appropriately charged and realized there was little to be gained exercising their constitutional right to a jury trial. The only issue was the length of the prison term. In both cases, the district attorney's office succeeded on every charge and special allegation. Exercising its best advocacy, it attempted to maximize real party's "vulnerability to sentence."

(*People* v. *Collins* (1978) 21 Cal.3d 208, 216, fn. 4 [145 Cal.Rptr. 686, 577 P.2d 1026].) At the sentencing hearings, the district attorney's office pressed for the maximum notwithstanding the "indicated sentences." (§ 999f, subd. (a)(3); see, e.g., fn. 2.) It could do no more. It simply does not have the power to require the trial court to exercise sentencing discretion in any particular way.[4]

### *The Career Criminal Statutes and the "Indicated Sentence"*

Section 999f subdivision (b), in pertinent part provides: "The prosecution shall not negotiate a plea agreement with a defendant in a career criminal prosecution; . . . nor shall any plea of guilty or nolo contendere . . . as a result of any plea agreement be approved by the court in a career criminal prosecution." ■ Section 999f is part of a comprehensive state legislative scheme designed to obtain federal funds to assist the prosecution of career criminals. (42 U.S.C. § 3711 et seq.; see also 28 C.F.R. § 33.32 et seq.) The expressed intent of the law is "to support increased efforts by *district attorneys' offices* to prosecute career criminals through organizational and operational techniques." (§ 999b, italics added.) Significantly, the courts do not receive funds or services pursuant to the statute.

■ The imposition of a sentence ". . . constitutes an exercise of judicial authority within the meaning of the constitutional doctrine of separation of powers." (*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 68 [113 Cal.Rptr. 21, 520 P.2d 405].) The prosecution ". . . has no right to interfere in the process of extending an indicated sentence to a defendant willing to plead guilty to all . . . of an information or indictment." (*Bryce* v. *Superior Court, supra,* 205 Cal.App.3d at p. 676, fn. 2; see also *People* v. *Vergara* (1991) 230 Cal.App.3d 1564, 1587 [282 Cal.Rptr. 90].)

■ "The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.] Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a *less severe punishment than that which could result if he were convicted of all offenses charged.* [Citation.]" (*People* v. *Orin, supra,* 13 Cal.3d at p. 942, italics added.)

---

[4]When the People believe that the court has given an inappropriate "indicated sentence," the remedy is to persuade the court to withdraw therefrom at the sentencing hearing. The People have the right to file a statement in aggravation (Cal. Rules of Court, rule 437) and present evidence in aggravation. (Cal. Rules of Court, rule 433 (c)(1).)

Plea bargaining as described in *People* v. *Orin, supra,* 13 Cal.3d at page 942, may be related to an "indicated sentence" but is a distinct way of compromising a case short of trial. When giving an "indicated sentence," the trial court simply informs a defendant "what sentence he will impose if a given set of facts is confirmed, irrespective of whether guilt is adjudicated at trial or admitted by plea." (*People* v. *Superior Court (Smith), supra,* 82 Cal.App.3d 909, 915-916; *People* v. *Vergara, supra,* 230 Cal.App.3d at pp. 1567-1568.) An accused retains the right to reject the proposed sentence and go to trial. The sentencing court may withdraw from the "indicated sentence" if the factual predicate thereof is disproved. (*People* v. *Bryce, supra,* 205 Cal.App.3d 671, 676, fn. 2.)

The instant "indicated sentences" fall within the boundaries of the court's inherent sentencing powers and, in contrast to plea bargains, prosecutorial consent is not required. (*People* v. *Superior Court (Smith), supra,* 82 Cal.App.3d at p. 915; *People* v. *Vergara, supra,* 230 Cal.App.3d at pp. 1567-1568.) The prosecutor has the "inherent right to challenge the factual predicate and to argue that the court's indicated sentence is wrong." (*People* v. *Superior Court (Felmann)* (1976) 59 Cal.App.3d 270, 276 [130 Cal.Rptr. 548].)

■ The district attorney's proposed construction of section 999f subdivision (b) is, in reality, an invitation to rewrite the statute to read: *"Neither the court nor* the prosecution shall . . . negotiate a plea agreement with a defendant in a career criminal prosecution. . . . *The court shall not give an 'indicated sentence' to a defendant in a career criminal prosecution."* Such a sweeping revision of the statute is not within the legitimate function of an appellate court.

■ It is a settled principle of statutory construction that ". . . legislation should be construed, if reasonably possible, to preserve its constitutionality" (*Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 305 [138 Cal.Rptr. 53, 562 P.2d 1302].) ■ The district attorney's construction of the statute would constitute an illegal intrusion upon the court's inherent power to fashion a sentence, and, so construed, section 999f subdivision (b) would violate the separation of powers doctrine. Accordingly, the language of section 999f subdivision (b) must be read in a way that allows the trial court to give an "indicated sentence."

Since neither trial court acted in excess of jurisdiction, the writ petitions are denied. This decision is final forthwith. (Cal. Rules of Court, rule 24(a).)

Stone (S. J.), P. J., and Gilbert, J., concurred.