Filed 7/9/24  P. v. Martinez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098137 |
| v. | (Super. Ct. Nos. 22F0534, 22F0571) |
| MICHELLE LYNN MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Michelle Lynn Martinez was convicted of numerous offenses and sentenced to 23 years four months in state prison.  The parties now agree, as do we, that the minute order and abstract of judgment do not reflect the trial court's oral pronouncement of sentence, and that remand is appropriate to permit the trial court to change the unauthorized stay of an enhancement under Health and Safety Code section 11370.4, subdivision (b).[1]  We will vacate the sentence and remand the matter for a full resentencing.

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

BACKGROUND

The People filed a consolidated information under lead case No. 22F0534 charging defendant with numerous counts arising from drug arrests and misconduct in jail in 2021 and 2022. Defendant waived a jury trial in exchange for a sentence not to exceed 22 years.

Following a bench trial, the trial court found defendant guilty of possession of methamphetamine for sale (§ 11378 -- counts 1, 3, 14), transportation of methamphetamine for sale (§ 11379, subd. (a) -- counts 2, 4, 13), possession of fentanyl for sale (§ 11351 -- counts 5, 12), transportation of fentanyl for sale (§ 11352, subd. (a) -- counts 6, 11, ), possession of cocaine for sale (§ 11351 -- count 7), transportation of cocaine for sale (§ 11352, subd. (a) -- count 8), unlawful possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1) -- count 9), possession of over 28.5 grams of cannabis (§ 11357, subd. (b)(2) -- a lesser included offense under count 10); possession of fentanyl in jail (Pen. Code, § 4573.6, subd. (a) -- count 15), bringing an illegal substance into jail (Pen. Code, § 4573.5 -- count 16), bringing contraband into jail (Pen. Code, § 4573, subd. (a) -- count 17), and misdemeanor possession of a device to inject or ingest a controlled substance (§ 11364, subd. (a) -- count 18). In addition, the trial court found true section 11370.4, subdivision (b) large-quantity enhancement allegations on counts 1 and 2 and also found that defendant had a prior strike conviction. It also found aggravating circumstances that defendant had served a prior prison term (California Rules of Court, rule 4.421(b)(3)) and that she was on postrelease community supervision when she committed a crime (*id.*, rule 4.421(b)(4)).

The trial court said it sentenced defendant in the consolidated matter and another case (case No. 22F2353) to an aggregate 23 years four months in state prison. As part of the aggregate sentence, the trial court imposed but stayed two three-year section 11370.4, subdivision (b) large-quantity enhancements.

DISCUSSION

I

We agree with the parties that the minute order and abstract of judgment do not reflect the trial court's oral pronouncement of sentence. When there are discrepancies between the oral pronouncement of sentence and the minute order or abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

We have identified the following discrepancies: (1) the minute order does not reflect the six-month concurrent sentence imposed on count 10; (2) the minute order and abstract of judgment do not reflect that the trial court did not order victim restitution; and (3) the abstract of judgment does not reflect the three-year sentence imposed but stayed on count 17.

We might normally order such discrepancies corrected without remand. But because the parties agree on a remand and we have determined that a full resentencing is appropriate, the discrepancies can be addressed on remand.

II

The parties agree remand is appropriate to permit the trial court to change an unauthorized stay of the section 11370.4, subdivision (b) enhancement on count 2.

Section 11370.4, subdivision (e) provides that a trial court may "strike" an enhancement if it determines there are circumstances in mitigation and states its reasons on the record. Appellate courts have held that if a trial court concludes there are reasons not to impose a section 11370.4 enhancement, the trial court must publicly state the reasons; it cannot stay the enhancement rather than striking it. (*People v. Vergara* (1991) 230 Cal.App.3d 1564, 1569; *People v. Cattaneo* (1990) 217 Cal.App.3d 1577, 1588 [the trial court had discretion to strike the section 11370.4 enhancement, but lacked authority to stay it]; *People v. Harvey* (1991) 233 Cal.App.3d 1206, 1231 [unless a statute

3

provides otherwise, an enhancement may be imposed or stricken, but it may not be stayed].)

We will remand the matter as urged by the parties. On remand, the trial court must impose the section 11370.4 enhancements on counts 1 and 2 or strike them upon finding circumstances in mitigation of the additional punishment and stating on the record its reasons for striking them. (§ 11370.4, subd. (e).)

In looking at the record, however, we have identified additional concerns. The People and defendant agreed to a maximum aggregate prison term of 22 years in exchange for a waiver of jury trial in the consolidated case. It appears the trial court intended to impose a maximum sentence of 22 years in the consolidated case, but the sentence orally pronounced in the consolidated case totaled 22 years six months.[2]

Moreover, although the minute order indicates a sentence on count 18 of three years concurrent in county jail, the trial court did not orally pronounce a sentence on that count. A trial court must impose a sentence on each count except where probation is granted, and probation was not granted here. (Pen. Code, § 12; *People v. Duff* (2010) 50 Cal.4th 787, 795-796; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1466, 1468.) The failure to pronounce sentence on a count is an unauthorized sentence and subject to amendment on remand. (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411, fn. 6.)

Because the parties agree that remand is appropriate, and the law appears clear regarding the additional concerns we have identified, we will vacate the sentence and remand the matter for a full resentencing without requesting supplemental briefing.

---

[2] The trial court imposed the following in the consolidated case: 10 years on count 6; two years on count 2; two years on count 4; two years eight months on count 8; one year four months on count 9; concurrent six months on count 10; two years eight months on count 11; and one year four months on count 14. Prison terms for the other counts were imposed but stayed.

The resentencing should include the imposition of a sentence on count 18. Any party aggrieved by this approach may file a petition for rehearing. (Gov. Code, § 68081.)

## DISPOSITION

The sentence is vacated and the matter is remanded for a full resentencing consistent with this opinion. The judgment is otherwise affirmed.


          /S/
MAURO, Acting P. J.


We concur:


      /S/
RENNER, J.


      /S/
KRAUSE, J.

5