[Civ. No. 69549. Second Dist., Div. Six. Apr. 2, 1985.]

TELEGRAM-TRIBUNE, INC., et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE SAN LUIS OBISPO COUNTY
JUDICIAL DISTRICT OF SAN LUIS OBISPO COUNTY,
Defendant and Respondent;
HERMAN W. ROSE, Real Party in Interest and Respondent.

COUNSEL

Kotler & Kotler, Jonathan Kotler, Andre, Morris & Buttery, Michael J. Morris, Hoge, Fenton, Jones & Appel and Clayton U. Hall for Plaintiffs and Appellants.

James B. Lindholm, Jr., County Counsel, and R. Wyatt Cash, Deputy County Counsel, for Defendant and Respondent.

Ephraim Margolin and Sandra Coliver for Real Party in Interest and Respondent.

OPINION

STONE, P. J.—The TELEGRAM-TRIBUNE, INC., a California corporation, and KSBY-TV appeal from a judgment of the San Luis Obispo Superior Court denying their petition for writ of mandate. We affirm the judgment.

Appellants ask this court to consider appropriate standards for a magistrate to determine whether the public's right of access to preliminary hearings should be limited due to risk of impairment of a defendant's right to a fair trial, and whether *in camera* proceedings violated appellants' right to access to criminal proceedings. The California Supreme Court recently resolved the first question in *Press-Enterprise Co.* v. *Superior Court* (1984) 37 Cal.3d 772 [209 Cal.Rptr. 360, 691 P.2d 1026], and held that "the magistrate shall close the preliminary hearing upon finding a reasonable likelihood of substantial prejudice which would impinge upon the right to a fair trial." (P. 781.) The court did not address the second question.

The present state of the record renders this proceeding academic. Nevertheless, appellants ask us not to exercise judicial restraint but to disregard the mootness, as did the superior court. We concur that the issues presented are capable of repetition yet evade review. (*Gannett Co.* v. *DePasquale* (1979) 443 U.S. 368, 377 [61 L.Ed.2d 608, 620, 99 S.Ct. 2898]; *San Jose Mercury-News* v. *Municipal Court* (1982) 30 Cal.3d 498, 501, fn. 2 [179 Cal.Rptr. 772, 638 P.2d 655].)

PROCEDURAL HISTORY

On August 26, 1982, Herman W. Rose, charged with first degree murder with special circumstances, sought to have his preliminary hearing closed to the public and press. The municipal court granted the motion over appellants' opposition, and appellants sought a writ of mandate in the superior court. The superior court issued an alternative writ which required the municipal court either to show cause why the preliminary hearing should not be open to the public or, in the alternative, to hold a further hearing upon Rose's request to exclude the public from the preliminary hearing.

The alternative writ provided a two-step procedure for the motion to close the preliminary hearing. First, Rose should present in "general terms and conclusions" the basis for his motion for closure. Then he could, by declarations under seal or testimony *in camera,* set forth any specific reasons why opening the preliminary hearing to the public would adversely affect his right to a fair and impartial trial. The alternative writ also provided that any interested party could present evidence opposing Rose's motion or questions to be asked of witnesses by the magistrate if an *in camera* hearing was held. Additionally, the burden of proof was on the moving party to establish facts supporting his motion by a preponderance of evidence.

On August 30, 1982, Rose filed a petition for writ of mandate and/or prohibition in the Court of Appeal, Fifth Appellate District, to stay the hearing on closure of the preliminary hearing. September 1, 1982, that court issued a stay order relating to the issue of burden of proof and ordered the magistrate to determine the proper standard of proof applicable to the hearing, and determined he was not bound by the superior court's ruling on that issue.

The municipal court held the hearing in accordance with the two-part procedure outlined by the superior court. Rose called several witnesses from the news media to testify about local news coverage of the case and requested the final witness, an expert in evaluating the impact of pretrial publicity, to testify *in camera* because hypothetical questions to be asked would reveal specific facts about the case. The court granted the request and allowed interested parties, including appellants, to submit written questions.

The municipal court subsequently determined that if the preliminary hearing were public, "not only would there be a reasonable likelihood of prejudice to the defendant and his ability to have a fair trial, the Court feels that there is a very substantial probability that irrevocable damage to his fair trial could result from the conducting of the proceeding in public."

On September 22, 1982, appellants filed their second petition for writ of mandate in the San Luis Obispo Superior Court which again stayed the preliminary hearing pending hearing on the writ. The parties agreed, however, that the preliminary hearing could be closed and be concluded prior to the writ hearing and that no party would raise the defense of mootness. The preliminary hearing proceeded and Rose was held to answer on all charges. He subsequently changed his plea pursuant to a plea bargain.

The writ hearing was held September 7, 1982. The superior court concluded that the appropriate burden of proof under Penal Code section 868

was neither the "reasonable likelihood" test adopted by the municipal court nor the "clear and convincing" test advocated by appellants, but rather the "preponderance of evidence" test set forth in Evidence Code section 115. Additionally, the court concluded that *in camera* proceedings were allowable in these circumstances, and, after reviewing the transcripts of both open and closed portions of the hearing, held that there was substantial evidence to support the municipal court's finding of need for a closed hearing. Finally, the court stated that the magistrate's error in articulating the "reasonable likelihood" standard was harmless because the magistrate actually applied a standard amounting to "preponderance of the evidence." Accordingly, the court entered judgment from which this appeal ensues.

DISCUSSION

*Standard of Review*

■ Although the superior court chose an incorrect standard of proof, its conclusion was correct. The magistrate, in fact, applied, almost verbatim, the test recently declared in *Press-Enterprise*. The magistrate found, "not only would there be a reasonable likelihood of prejudice to the defendant and his ability to have a fair and impartial trial, the court feels that there is a very substantial probability that irrevocable damage to his fair trial could result from the conducting of the proceedings in public. . . . The court just feels in this particular case . . . the very strong possibility of prejudice to the defendant. . . ." Thus, the required finding of "a reasonable likelihood of substantial prejudice which could impinge upon the right to a fair trial" was met.

*In Camera Hearing*

The superior court had previously suggested to the magistrate that the real party in interest, Rose, first present in open court a general outline of the defendant's position on his request for exclusion and "such nonconfidential evidence as would not, in itself, prejudice the defendant," and then present specific evidence of a confidential nature *in camera,* sans objectors and prosecution. The court further provided for preservation of the *in camera* record for later appellate review, and for submission of questions by objectors and prosecutor to be asked *in camera* as well as evidence bearing on the issue of closure in open court. Such a procedure appears eminently sensible. The court aptly indicated that prejudicial matters sought to be withheld from premature public knowledge should not thereby be made available to the public and media as part of the motion process itself. The remedy allowed would otherwise be illusory.

*In camera* proceedings to review claims of privilege and confidentiality have both statutory and judicial support (See Evid. Code, §§ 915 (privileges), 1042, subd. (d) (confidential informers), *Hammarley* v. *Superior Court* (1979) 89 Cal.App.3d 388 [153 Cal.Rptr. 608] (media "shield laws")), and have also withstood constitutional challenge. (See *People* v. *Pacheco* (1972) 27 Cal.App.3d 70 [103 Cal.Rptr. 583]; *People* v. *O'Brien* (1976) 61 Cal.App.3d 766 [132 Cal.Rptr. 616].) In addition, Evidence Code section 915 has been construed to authorize *in camera* proceedings to protect privileges other than those specifically enumerated therein. (E.g., *Hammarley* v. *Superior Court, supra*—*in camera* hearing to determine whether media would be required to produce subpoenaed documents; *In re Lifschutz* (1970) 2 Cal.3d 415, 437, fn. 23 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1]—*in camera* hearing acceptable to determine relevancy of psychiatrist-patient communications not otherwise protected by section 915; see also *Mavroudis* v. *Superior Court* (1980) 102 Cal.App.3d 594, 606 [162 Cal.Rptr. 744].)

■ Moreover, if statutes or judicial council rules do not specify a procedure to exercise jurisdiction with which the superior court is vested to hear a particular matter, courts have inherent power, as well as power under Code of Civil Procedure section 187, to adopt any suitable process. (*Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal.2d 815, 825 [279 P.2d 35]; *Sales Dimensions* v. *Superior Court* (1979) 90 Cal.App.3d 757, 764 [153 Cal.Rptr. 690].)[1] This code section is applicable to criminal proceedings. (See *People* v. *Chew Lan Ong* (1904) 141 Cal. 550, 553 [75 P. 186]; *People* v. *Hyde* (1975) 49 Cal.App.3d 97 [122 Cal.Rptr. 297].)

■ Courts have inherent and implied power to control judicial proceedings to insure the orderly administration of justice. (*Rosato* v. *Superior Court* (1975) 51 Cal.App.3d 190, 206 [124 Cal.Rptr. 427].) ■ The U.S. Supreme Court has recognized in cases involving the media's right of access "the traditional authority of trial judges to conduct in camera conferences." (*Globe Newspaper Co.* v. *Superior Court* (1982) 457 U.S. 596, 609, fn. 25 [73 L.Ed.2d 248, 259, 102 S.Ct. 2613]; *Richmond Newspapers, Inc.* v. *Virginia* (1980) 448 U.S. 555, 598, fn. 23 [65 L.Ed.2d 973, 1003, 100 S.Ct. 2814].) Concomitant with this power is the affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity. (*Gannett*

---

[1]Code of Civil Procedure section 187 provides: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

*Co.* v. *DePasquale, supra,* 443 U.S. 368, 378 [61 L.Ed.2d 608, 620]; *Sheppard* v. *Maxwell* (1966) 384 U.S. 333 [16 L.Ed.2d 600, 86 S.Ct. 1507].)

In cases concerning closure of pretrial proceedings, courts in other states have recognized that a trial court has discretionary authority to ensure that potentially prejudicial material is not prematurely revealed before the meritorious issue itself can be resolved (*State* v. *Williams* (1983) 93 N.J. 39 [459 A.2d 641]), and that a trial court may bar the public from arguments concerning the closure of a pretrial hearing if disclosure of the argument itself might jeopardize the defendant's right to a fair trial. (*Seattle Times Co.* v. *Ishikawa* (1982) 97 Wn.2d. 30 [640 P.2d 716].)

■■■ Appellants contend that an accused who seeks to close any portion of criminal proceedings bears the burden of demonstrating the need for closure which the accused did not in the instant case. The superior court found that the matters revealed *in camera* "more than justified the steps taken by the trial court." Nevertheless, appellants argue, the municipal court failed to satisfy the procedural prerequisites to entry of a closure order articulated in *United States* v. *Brooklier* (9th Cir. 1982) 685 F.2d 1162, 1167-1168, which stated: "There are two procedural prerequisites to entry of an order closing a criminal proceeding to the public: (1) those excluded from the proceeding must be afforded a reasonable opportunity to state their objections; and (2) and reasons supporting closure must be articulated in findings."

In *Brooklier,* the U.S. District Court closed portions of trial relating to voir dire and to exclusion of evidence, and sealed the transcripts of those portions. Penal Code section 868 provides, in pertinent part, that ". . . upon the *request* of the defendant and *a finding* by the magistrate that exclusion of the public is necessary . . ." the hearing shall be closed. (Italics added.) ■■■ We believe appellants read *Brooklier* too narrowly. The purpose of the procedural requirements there, as here, was to allow adequate appellate review. Those prerequisites are met so long as opponents of defendant's request for closure have the opportunity to present objections and the record of the hearing on the motion, including any closed proceedings, substantiate, by the requisite standard of proof, the magistrate's finding that closure of the preliminary hearing is necessary. Whether findings are "sufficiently specific" should be determined on a case-by-case basis. (See *United States* v. *DeLorean* (C.D.Cal. 1983) 561 F.Supp. 797, 804.) ■■■ We find that the procedures used by the magistrate in conducting the hearing on Rose's motion were well within its discretion.

The judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.