8 Cal.Rptr.3d 132 (2003)
114 Cal.App.4th 859
William F. COLLINS, Plaintiff and Respondent,
v.
STATE DEPARTMENT OF TRANSPORTATION, Defendant and Appellant.
No. C041238.
Court of Appeal, Third District.
December 24, 2003.
As Modified on Denial of Rehearing January 21, 2004.
Review Denied May 12, 2004.
*133 Bruce A. Behrens, Chief Counsel, Brelend C. Gowan, Deputy Chief Counsel, Richard A. Wehe, Assistant Chief Counsel, Gary A. Geren, El Dorado Hills, and Kevin M. Corrington, Sacramento, for Defendant and Appellant.
Law Offices of Tony J. Tanke and Tony J. Tanke; Law Offices of Joseph W. Carcione, Jr. and Joseph W. Carcione, Jr., Gerald K. Okimoto, Stephen J. Purtill, Redwood City, and Gary W. Dolinski, San Diego, for Plaintiff and Respondent.
SIMS, J.
The summary judgment statute, Code of Civil Procedure section 437c, former subdivision (i) provided:[1] "If the court determines at any time that any of the affidavits are presented in bad faith or solely for purposes of delay, the court shall order the party presenting the affidavits to pay the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur. Sanctions shall not be imposed pursuant to this subdivision, except on notice contained in a party's papers, or on the court's own noticed motion, and after an opportunity to be heard." (Stats.1994, ch. 493, § 1, pp. 2675-2676; italics added.)
With a minor change ("shall not" was changed to "may not"), this language appears in current subdivision (j) of section 437c. (Stats.2002, ch. 448, § 5.)
The question in this case is whether this statutory language, which authorizes a court to award "reasonable expenses" as a sanction, allows a court to award, as a sanction, attorney's fees incurred by the party to whom sanctions will be paid. For reasons that follow, we conclude it does not.
In this personal injury action by plaintiff William F. Collins,[2] defendant State Department of Transportation (Caltrans) appeals from a trial court order awarding sanctions for presenting a bad faith declaration in support of a summary judgment motion in violation of former subdivision (i) of section 437c. The sanctions award consisted entirely of attorney's fees incurred by plaintiff Collins. Caltrans argues it should not have been sanctioned as a matter of public policy, and that section 437c does not authorize an award of attorney's fees. Caltrans also argues there was no substantial evidence the declaration was presented in bad faith. Plaintiff requests sanctions on appeal.
We shall conclude section 437c does not authorize an award of attorney's fees as a sanction. We shall reverse the order awarding sanctions and deny plaintiff's request for sanctions on appeal, but we shall remand to the trial court for redetermination of plaintiff's claim for sanctions based upon out-of-pocket expenses other than attorney's fees.[3]

*134 FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff brought this personal injury action against Caltrans and others, alleging he was injured when 15 year-old Joshua Daniels threw a chunk of broken concrete at plaintiff's semi-tractor-trailer as it was traveling on Interstate Highway 5(I-5) over the Smith's Canal crossing in Stockton, California on December 4, 1997. The concrete penetrated the front windshield of the truck and struck plaintiff in the head.
As is pertinent here, the complaint alleged theories of premises liability and general negligence. Plaintiff alleged I-5 at the Smith's Canal crossing was in a dangerous condition because it provided pedestrians easy access to the traffic on I-5 and access to objects which pedestrians could throw at passing motorists and escape without detection.
Caltrans filed two summary judgment motions. The first motion argued, inter alia, that Caltrans had no actual or constructive notice of a dangerous condition.[4] Caltrans submitted a declaration of a retired Caltrans engineer who attested, based upon his review of Caltrans's accident database (TASAS) and review of deposition testimony of a California Highway Patrol (CHP) officer who searched CHP's database, that there had been no reports to the CHP of anyone throwing rocks at motorists from Smith's Canal and no reports of accidents involving rocks at that location for a period of approximately nine years.
In opposition to the first summary judgment motion, plaintiff adduced the deposition testimony of two CHP officers, who testified about prior reports of rock throwing in the general vicinity of the south side of Smith's Canal prior to the incident involving plaintiff.
Plaintiff also objected to the admission of the TASAS report, on the ground it was irrelevant to prove notice because it was a traffic accident database, and rock throwing incidents are reported as arrests or investigations.
Shortly after plaintiff filed his opposition to the summary judgment motions, Caltrans withdrew the motions. The reason Caltrans gave for the withdrawal was that the discovery referee had ruled in plaintiff's favor on his motions to compel discovery. Caltrans asserted it was withdrawing the motions due to the uncompleted discovery.
Plaintiff filed a motion for sanctions against Caltrans pursuant to former subdivision (i) of Code of Civil Procedure section 437c (subdivision (i)), the substance of which is now found in subdivision (j) of section 437c.[5] We have recounted the language of subdivision (i) at the outset of this opinion.
In support of his motion for sanctions, plaintiff argued, inter alia, that the declarations submitted by Caltrans were knowingly false because state employees (i.e., CHP Officers McClellan and Riisager) had given deposition testimony before the declarations were submitted, which proved the State had prior notice of rock throwing incidents. Plaintiff also argued Caltrans's declarations asserting no notice were knowingly misleading because its experts relied on the TASAS database, when it knew that database would never include rock throwing incidents.
*135 The court ordered a hearing on the summary judgment motions (despite their withdrawal by Caltrans), consolidated with a hearing on the sanctions motion. After the court heard argument on all three motions, it entered written rulings, first on the summary judgment motions, then on the sanctions motion.
The trial court found with respect to the first summary judgment motion that plaintiff had produced sufficient evidence to create an inference Caltrans had notice of prior similar incidents, and that Caltrans had failed to demonstrate that other factors weighed against a finding of duty. The trial court denied both motions for summary judgment.
The trial court granted plaintiff's sanctions motion in part. The ruling stated: "The court finds that the affidavits supporting the first motion were filed in bad faith in violation of CCP § 437c(i). This finding is based in part on the fact that defendant was aware that there was evidence supporting plaintiffs' claim of notice, yet it represented to the court that there was no such evidence. In addition, it appears that defendant sought to mislead both the court and opposing counsel regarding the relevant database wherein information regarding prior similar incidents was to be found."
The trial court awarded sanctions in the amount of $28,725. All of the sanctions awarded represented attorney's fees incurred by plaintiff Collins. Caltrans appeals from the sanctions order.[6]

DISCUSSION

I. Attorney's Fees Not Authorized

Caltrans argues the trial court erred in interpreting subdivision (i), which provides for payment of "reasonable expenses which the filing of the affidavits caused the other party to incur," to include attorney's fees. We agree.
As a preliminary matter, we address plaintiff's claim Caltrans may not advance this argument for the first time on appeal. Ordinarily, an appellate court will not consider arguments not asserted below. (Ochoa v. Pacific Gas & Electric Co. (1998) 61 Cal.App.4th 1480, 1488, fn. 3, 72 Cal.Rptr.2d 232.) However, this rule does not apply when only a question of law is presented. (State of California ex rel. Public Works Bd. v. Bragg (1986) 183 Cal.App.3d 1018, 1023-1024, 228 Cal.Rptr. 576.) Here, the issue presented is the interpretation of subdivision (i). The facts are undisputed. The interpretation and applicability of a statute on the undisputed facts in the record is a question of law, which we may address for the first time on appeal. (Ibid.)
Caltrans relies on the American Rule, codified at section 1021 as follows: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties...." Caltrans argues that subdivision (i), which awards simply "reasonable expenses" does not specifically include attorney's fees as required by section 1021.
"The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.]" (Pacific Gas & Electric Co. v. County of Stanislaus (1997) 16 Cal.4th 1143, 1152, 69 Cal.Rptr.2d 329, 947 P.2d 291.) In determining the Legislature's *136 intent we look first to the language of the statute, giving the words their usual and ordinary meaning. (People v. Superior Court (Zamudio) (2000) 23 Cal.4th 183, 192, 96 Cal.Rptr.2d 463, 999 P.2d 686.) If there is no ambiguity, the plain meaning of the language governs, but if the language is ambiguous, we may examine the context of the language and construe the language so as to harmonize the statute internally and with related statutes, keeping in mind the object to be achieved or the evil to be prevented. (Id. at pp. 192-193, 96 Cal.Rptr.2d 463, 999 P.2d 686.)
The term "reasonable expenses" does not necessarily include, nor does it necessarily preclude expenses incurred for attorney's fees.
However, the California Supreme Court in Bauguess v. Paine (1978) 22 Cal.3d 626, 150 Cal.Rptr. 461, 586 P.2d 942 (Bauguess), held that, absent express statutory authority, a court has no power to award attorney's fees as sanctions. (Id. at pp. 637-639, 150 Cal.Rptr. 461, 586 P.2d 942.) Bauguess reversed a trial court order for a plaintiff's attorney to pay attorney's fees to defense counsel after a mistrial in a personal injury action. (Id. at p. 640, 150 Cal.Rptr. 461, 586 P.2d 942.) The Supreme Court, citing section 1021, said, "[a]wards of attorney's fees by courts are the exception rather than the rule." (Id. at p. 634, 150 Cal.Rptr. 461, 586 P.2d 942.) Bauguess observed, "[s]ome statutes do authorize the use of fee awards as sanctions for conduct which produces unnecessary or unwarranted litigation. [Citation.] ... However, no statute provides for fee awards as sanctions following a mistrial either against a counsel or a party." (Id. at p. 635, 150 Cal.Rptr. 461, 586 P.2d 942.)
Bauguess, supra, 22 Cal.3d 626, 150 Cal.Rptr. 461, 586 P.2d 942, rejected the defendant's argument that the court had inherent power to make such an award. The case did not fit within the limited class of recognized equitable exceptions to the general rule that each party shall pay its own attorney. (Id. at pp. 636-637, 150 Cal.Rptr. 461, 586 P.2d 942.) Although the court's supervisory power had been recognized by the Legislature in section 128, "it exists apart from express statutory authority. [Citations.]" (Id. at pp. 635-636, 150 Cal.Rptr. 461, 586 P.2d 942.) "Although a few statutes permit fee awards as sanctions, the appellate courts of this state have generally disallowed such awards based on a theory of inherent supervisory power. [Citations.]" (Id. at p. 637, 150 Cal.Rptr. 461, 586 P.2d 942.) "It would be both unnecessary and unwise to permit trial courts to use fee awards as sanctions apart from those situations authorized by statute. If an attorney's conduct is disruptive of court processes or disrespectful of the court itself, there is ample power to punish the misconduct as contempt." (Id. at pp. 637-638, 150 Cal.Rptr. 461, 586 P.2d 942.)
Bauguess, supra, 22 Cal.3d 626, 150 Cal.Rptr. 461, 586 P.2d 942, accordingly reversed the trial court's award of attorney's fees.[7] (Id. at p. 640, 150 Cal.Rptr. 461, 586 P.2d 942.)
*137 Attorney's fees are specifically mentioned in a myriad of sanctions statutes (some enacted before Bauguess, supra, 22 Cal.3d 626, 150 Cal.Rptr. 461, 586 P.2d 942, others enacted after Bauguess). Some statutes include attorney's fees as reasonable expenses to be included in an award for sanctions against bad faith or improper conduct, while other statutes refer to attorney's fees and expenses in the conjunctive.
Thus, for example, section 128.7 authorizes sanctions for the filing of papers for an improper purpose, and the sanctions may include "reasonable attorney's fees and other expenses" incurred as a direct result of the violation (§ 128.7, subd. (d)) and incurred in presenting or opposing the motion (§ 128.7, subd. (c)(1)).[8]
The sanctions allowable pursuant to sections 128.5 and 128.6 are, "any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (Italics added.)
A party who misuses the subpoena process by seeking to compel or to oppose the production of subpoenaed items in bad faith or without substantial justification may be liable for the other party's "reasonable expenses incurred in making or opposing the motion, including reasonable attorneys' fees." (§ 1987.2, italics added.) Likewise, misuse of the discovery process may result in imposition of a monetary sanction in the amount of "reasonable expenses, including attorney's fees." (§ 2023, subds.(a)(9), (b)(1).) Also, a party who fails to provide an admission in response to a request for admissions may be made to pay the requesting party "reasonable expenses incurred in making that proof, including reasonable attorney's fees" where the failure to admit was without good reason. (§ 2033, subd. (o), italics added.)
In a child custody proceeding, a court that declines to exercise jurisdiction may impose "reasonable expenses including ... attorney's fees" against a party who sought to invoke the court's jurisdiction and "engaged in unjustifiable conduct." (Fam.Code, § 3428, subds.(a), (c).)
The Public Safety Officers Procedural Bill of Rights provides the court may award sanctions against a party or attorney for filing a bad faith or frivolous action. (Gov.Code, § 3309.5, subd. (c).) The sanctions awardable include "reasonable expenses, including attorney's fees." (Gov.Code, § 3309.5, subd. (c)(2).)
The Administrative Procedure Act provides for an award of "reasonable expenses, including attorney's fees, incurred by another party as a result of bad faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (Gov.Code, § 11455.30, subd. (a).) A similar provision applies in workers' compensation proceedings. (Lab.Code, § 5813, subd. (a).)
*138 In contrast to the foregoing statutes, subdivision (i) does not expressly mention attorney's fees.
A venerable canon of statutory interpretation provides:"'" `Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject ... is significant to show that a different intention existed.'" [Citation.]' [Citation.]" (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 26, 10 Cal.Rptr.2d 183, 832 P.2d 899; accord: Committee of Seven Thousand v. Superior Court (1988) 45 Cal.3d 491, 507, 247 Cal.Rptr. 362, 754 P.2d 708; People v. Drake (1977) 19 Cal.3d 749, 755, 139 Cal.Rptr. 720, 566 P.2d 622; City of Port Hueneme v. City of Oxnard (1959) 52 Cal.2d 385, 395, 341 P.2d 318; People v. Valentine (1946) 28 Cal.2d 121, 142, 169 P.2d 1; In re Antonio F. (2002) 98 Cal.App.4th 1227, 1232, 120 Cal.Rptr.2d 325; City of Oakland v. Public Employees' Retirement System (2002) 95 Cal.App.4th 29, 58, 115 Cal.Rptr.2d 151; In re Manolito L. (2001) 90 Cal.App.4th 753, 761, 109 Cal.Rptr.2d 282; People v. Franz (2001) 88 Cal.App.4th 1426, 1440, 106 Cal.Rptr.2d 773; In re Lorenzo C. (1997) 54 Cal.App.4th 1330, 1344, 63 Cal.Rptr.2d 562; In re Jose A. (1992) 5 Cal.App.4th 697, 701-702, 7 Cal.Rptr.2d 44; Bunner v. Imperial Ins. Co. (1986) 181 Cal.App.3d 14, 22, 225 Cal.Rptr. 912.)
The express inclusion of language allowing for attorney's fees as sanctions in the many, many sanctions statutes cited above, and the omission of any correlative language in the summary judgment statute, creates the inference that the Legislature did not intend that attorney's fees be awarded as sanctions in the summary judgment statute. We note that the Legislature, which is presumed to know of case law (Arthur Andersen v. Superior Court (1998) 67 Cal.App.4th 1481, 1500, 79 Cal.Rptr.2d 879), amended section 437c many times after the 1978 Bauguess case (Bauguess, supra, 22 Cal.3d 626, 150 Cal.Rptr. 461, 586 P.2d 942), without adding any reference to attorney's fees in the subdivision pertinent to this appeal. (Stats.1980, ch. 57, § 1, pp. 151-153; Stats.1982, ch. 1510, § 1, pp. 5855-5857; Stats.1983, ch. 490, § 1, pp.1990-1993; Stats.1984, ch. 171, § 1, pp. 544-547; Stats.1986, ch. 540, § 3, pp.1927-1930; Stats.1989, ch. 1416, § 16, pp. 6228-6231; Stats.1990, ch. 1561, § 2, pp. 7330-7333; Stats.1992, ch. 339, § 1, pp. 1307-1311; Stats.1992, ch. 1348 § 1, pp. 6699-6703; Stats.1993, ch. 276, § 1, pp.1969-1974; Stats.1994, ch. 493, § 1, pp. 2673-2677; Stats.2002, ch. 448, § 5.) Indeed, the 2002 legislation amended the very subdivision at issue in this appeal, to change "shall not" to "may not" in the sentence directing that sanctions not be imposed unless the party to be sanctioned is given notice and opportunity to be heard. (§ 437c, subd. (j); Stats.2002, ch. 448, § 5.) The absence of a statutory amendment adding reference to attorney's fees supports our conclusion that attorney's fees are not a component of sanctions under the summary judgment statute.
Plaintiff argues appellate courts regularly award attorney's fees pursuant to section 907[9] and California Rules of Court, rule 27(e)(1),[10] even though neither of these specifically provides for an award of attorney's fees. (See, e.g., Harris v. Sandro (2002) 96 Cal.App.4th 1310, 1316, 117 Cal.Rptr.2d 910; Town of Woodside v. *139 Gava (1989) 213 Cal.App.3d 488, 495, 261 Cal.Rptr. 730; Young v. Rosenthal (1989) 212 Cal.App.3d 96, 134-135, 260 Cal.Rptr. 369.) However, sanctions on appeal are framed in terms of "damages," which plaintiff fails to show is coextensive with the term at issue in this appeal, i.e. "expenses." Moreover, Bauguess, supra, 22 Cal.3d 626 at page 635, footnote 4, 150 Cal.Rptr. 461, 586 P.2d 942, cited section 907 as a statute authorizing the use of fee awards as sanctions. Additionally, Young v. Redman (1976) 55 Cal.App.3d 827, 128 Cal.Rptr. 86 stated: "Although the California Legislature has enacted legislation empowering the appellate courts to impose such sanctions (Code Civ. Proc., § 907), it has not done so as to the trial courts, apparently codifying the American Rule in Code of Civil Procedure section 1021...." (Id. at p. 838, 128 Cal.Rptr. 86.) Thus, plaintiff's argument about appellate courts is unavailing, because his sanctions were imposed by a trial court.
Plaintiff cites cases where attorney's fees were awarded as sanctions in summary judgment proceedings. However, in the cited cases, the sanctions were awarded under section 128.5, not section 437c (Olson Partnership v. Gaylord Plating Lab., Inc. (1990) 226 Cal.App.3d 235, 276 Cal.Rptr. 493), and/or section 437c was cited in dictum without discussion (Robertson v. Rodriguez (1995) 36 Cal.App.4th 347, 361, 42 Cal.Rptr.2d 464). One case, Winick Corp. v. County Sanitation Dist. No. 2 (1986) 185 Cal.App.3d 1170, 230 Cal.Rptr. 289 (Winick), cited both section 128.5 and section 437c, subdivision (i), as authorizing sanctions, including attorney's fees. (Id. at p. 1176, 230 Cal.Rptr. 289.) Winick said, "statutory changes have broadened the power of trial courts to award sanctions, including attorney's fees for [bad faith tactics]. (Code Civ. Proc., § 128.5.) More specifically, such sanctions can be applied in summary judgment proceedings where a party files an affidavit in bad faith. (Code Civ. Proc., § 437c, subd. (i).)" (Winick, supra, 185 Cal.App.3d at p. 1176, 230 Cal.Rptr. 289.) However, Winick's reference to section 437c was dictum, because section 437c addresses only bad faith affidavits, whereas the misconduct in Winick was the plaintiff's filing of a meritless action and failure to dismiss it voluntarily, thereby compelling the defendant to file an answer and summary judgment motion. (Id. at pp. 1175, 1177, 230 Cal.Rptr. 289.) Winick said nothing about improper affidavits. (Id. at pp. 1180-1181, 230 Cal.Rptr. 289.) An opinion is not authority for a proposition not therein considered. (Santisas v. Goodin (1998) 17 Cal.4th 599, 620, 71 Cal.Rptr.2d 830, 951 P.2d 399.)
Nothing in the cognizable legislative history of the summary judgment statute suggests that the Legislature intended to include attorney's fees as sanctions.[11]
We are able to determine from the documents of which we have taken judicial notice, that the bill as originally introduced provided for the payment of "reasonable expenses." The language remained unchanged throughout the course of the legislative process to enactment. A committee report (apparently of the Senate Judiciary Committee) of the pertinent 1973 legislation (S.B.651) posed the question, "Does Reasonable Expenses Include *140 Reasonable Attorney's Fees?," with no express answer to this question provided in the legislative history. In light of Bauguess, supra, 22 Cal.3d 626, 150 Cal.Rptr. 461, 586 P.2d 942, and in light of the other sanctions statutes expressly referring to attorney's fees, we conclude the evident answer to the question posed by the committee report is, "no."
The legislative history furnishes no basis to think that the Legislature intended attorney's fees to be awarded as sanctions and furnishes every basis simply to apply the venerable canon of statutory construction that where myriad sanctions statutes expressly refer to attorney's fees, the omission of any reference to attorney's fees in the summary judgment statute is significant to show a different legislative intent.
We conclude attorney's fees are not recoverable as "reasonable expenses" under subdivision (i). Instead, the statute allows recovery of expenses such as expert fees and service fees. Plaintiff argues this will be an ineffective deterrent to misconduct, because the primary, if not sole, expense caused by dishonest affidavits is attorney's fees. That is an argument best directed to the Legislature. In any event, the argument does not appear well-taken in this case, where plaintiff sought $22,368 in out-of-pocket expenses in addition to attorney's fees.
Here, the entire sanctions award was for attorney's fees. We therefore conclude the order must be reversed. As noted, plaintiff claimed out-of-pocket expenses other than attorney's fees as a basis for sanctions, and the trial court denied those expenses. In light of our elimination of attorney's fees as a component of sanctions, it is likely the trial court would award non-attorney's-fees expenses as sanctions. Otherwise, Caltrans would escape without sanctions for the bad faith conduct found by the trial court. We shall therefore remand to the trial court for reconsideration of sanctions other than attorney's fees.
Caltrans argues the public policy favoring zealous representation renders sanctions inappropriate, and there is no substantial evidence supporting the finding of bad faith. However, having reviewed the record, we reject these contentions.
Plaintiff argues he should be awarded his attorney's fees on appeal under section 437c, subdivision (j),[12] and section 1021.5 (fees for successful party in action affecting public interest). Since we have concluded plaintiff was not entitled to the award of attorney's fees by the trial court, plaintiff is not entitled to attorney's fees on appeal.[13]

DISPOSITION
The April 22, 2002, order awarding sanctions is reversed, and the matter is remanded to the trial court for redetermination of sanctions in accordance with the views expressed in the opinion.
We concur: BLEASE, Acting P.J., and NICHOLSON, J.
NOTES
[1] Undesignated section references are to the Code of Civil Procedure.
[2] Plaintiff's wife, Barbara Y. Collins, was a named plaintiff with a loss of consortium cause of action, but the motion for sanctions and order awarding sanctions referred to William Collins only.

Other public entities were named as defendants in the complaint, but this appeal involves only Caltrans.
[3] We deny Collins's May 2, 2003, request for judicial notice of trial court filings in this and related pending litigation, assertedly submitted to show Caltrans's continuing bad faith.
[4] The second summary judgment motion was based on Caltrans's claim of design immunity. The second motion is not relevant to this appeal.
[5] As we have mentioned, pursuant to a 2002 amendment (Stats.2002, ch. 448, § 5), the current statute says "may not" rather than "shall not."
[6] The sanctions order is an appealable order under section 904.1, subdivision (a)(12), which allows an appeal to be taken from "an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)."
[7] In response to the holding in Bauguess, supra, 22 Cal.3d 626, 150 Cal.Rptr. 461, 586 P.2d 942, the Legislature passed section 128.5 in 1981. (People v. Cook (1989) 209 Cal.App.3d 404, 407, 257 Cal.Rptr. 226.) Section 128.5 authorized trial courts to order a party and/or the party's attorney to pay "reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." The Legislature declared in an uncodified section of the legislation that "It is the intent of this legislation to broaden the powers of trial courts to manage their calendars and provide for the expeditious processing of civil actions by authorizing monetary sanctions now not presently authorized by the interpretation of the law in Bauguess [, supra,] 22 Cal.3d 626, 150 Cal.Rptr. 461, 586 P.2d 942." (Stats.1981, ch. 762, § 2, p. 2968; see Trans-Action Commercial Investors, Ltd. v. Firmaterr, Inc. (1997) 60 Cal.App.4th 352, 367-370, 70 Cal.Rptr.2d 449 [discussing legislative action regarding sanctions statutes].)

Section 128.5 was unavailable to Collins in the present case because it applied only to cases in which the complaint was filed on or before December 31, 1994. Section 128.6, containing virtually identical provisions, did not become operative until January 1, 2003. Collins's sanctions motion was filed January 30, 2002.
[8] Plaintiff acknowledges section 128.7 could not apply in this case, because it requires notice and opportunity for the offending party to avoid sanctions by withdrawing the papers it filed, and here Caltrans withdrew its summary judgment motions.
[9] Section 907 authorizes appellate courts to award, in addition to costs, "such damages as may be just," as sanctions for filing a frivolous appeal.
[10] Rule 27(e)(1) states the Court of Appeal "may impose sanctions, including the award or denial of costs, on a party or an attorney for [frivolous appeal, etc]."
[11] We have declined to take judicial notice of some documents submitted by Caltrans. It is the intent of the Legislature we seek to determine in construing a statute. (Metropolitan Water Dist. v. Imperial Irrigation Dist. (2000) 80 Cal.App.4th 1403, 1424-1426, 96 Cal.Rptr.2d 314.) We generally do not consider materials showing the subjective intent of interested parties, or even the subjective intent of a single legislator. (Id. at p. 1426, 96 Cal.Rptr.2d 314.)
[12] As indicated, the substance of former subdivision (i) is now found in subdivision (j).
[13] Collins also asks this court to punish Caltrans for submitting bad-faith affidavits by reporting the conduct of their attorneys to the State Bar, publishing this opinion and ordering its distribution to all Caltrans senior executives, and referring the case for investigation and possible criminal prosecution. Subdivision (i) prescribes the penalty ("reasonable expenses") for bad-faith affidavits. Collins cites no authority which would allow this court to take the requested actions for the reasons he asserts. Accordingly, we decline his offer to impose such punishment.